**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dwight L. ROBERTS, Defendant-Appellant.**

**No. 9560.**

Missouri Court of Appeals,
Springfield District.

Feb. 22, 1974.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

Philip M. Moomaw, Dan L. Birdsong, Rolla, for defendant-appellant.

BILLINGS, Judge.

Defendant Dwight L. Roberts was convicted of second degree burglary [§ 560.-070, RSMo 1969, V.A.M.S.] by a Pulaski County jury and his punishment fixed at two years in the penitentiary under § 560.-095(2), RSMo 1969, V.A.M.S. In this appeal he assigns error in the trial court's permitting the state to amend the information and in denying his request for a continuance. We affirm.

The sufficiency of the evidence to sustain the finding of guilt is not questioned and a brief summary of the evidence will be adequate. Defendant was apprehended inside of the "Spur Coin-O-Matic Laundry" in St. Robert, Missouri, about 1:30 a. m. The laundromat had been forcibly entered and various vending machines located therein had been broken and overturned. Defendant's explanation of his presence in the laundromat to the arresting officer was that he wanted to use the telephone. At his trial the defendant said he had been drinking intoxicants earlier in the evening and could not remember whether he broke into the laundromat or not. The jury re-

turned its verdict after ten minutes of deliberation.

We first consider the amendment of the information the morning of but before defendant's trial commenced. The original information alleged the ownership of the business to be in a person named Earl Martin and the amendment substituted the name of Dennis Hall as being the owner of the laundromat. Otherwise, the information remained the same.

Rule 24.02, V.A.M.R. authorizes an amendment to a criminal information ". . . [A]t any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Thus, where an amendment to an information is sought by the state and the defendant objects, this presents a question directed to the sound discretion of the trial court. If the amendment does not change the crime charged and does not prejudice the defendant's substantial rights, there is no abuse of discretion in permitting an amended information to be filed. State v. Huffer, 424 S.W.2d 776, 780 (Mo.App. 1968). Accordingly, an amendment during the course of the trial which changed the name of the owner of premises allegedly burglarized has been held proper. State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969).

Here the only change between the original and amended information was the deletion of the name of the purported owner of the "Spur Coin-O-Matic Laundry" and the insertion of the true owner of the business. This amendment did not charge an "additional or different offense." Both before and after the amendment the information charged the defendant with the second degree burglary of the laundromat. Defendant has failed to demonstrate and we are unable to ascertain in what way or manner prejudice resulted to any of his substantial rights. We hold the trial court did not abuse its discretion in permitting the amendment in order to show the identity of the real owner of the premises. Rule 24.02; State v. Cobb, supra.

The subject of defendant's next complaint, the failure of the trial court to grant his request for a continuance, also is within the realm of judicial discretion. Rule 25.08, V.A.M.R. provides that a continuance of a criminal case may be granted to either party for good cause shown. Rule 24.15, V.A.M.R. states that an amendment to an information shall not cause a delay of the trial unless the defendant shall satisfy the court that such an amendment has made it necessary that he have additional time in which to prepare his defense. Although the rule authorizing continuances contemplates a written application showing good cause for a continuance [State v. Boykins, 399 S.W.2d 70 (Mo. 1966)], we will, nevertheless, consider the oral requests for continuance of the trial.

Because of lack of adequate jail facilities in Pulaski County the defendant was being held in custody for trial in the Cole County jail. Due to the necessity of transporting defendant from Jefferson City to Waynesville the commencement of his trial on the day it was set was delayed two hours. Prior to defendant's arrival his attorney objected to the delay and requested a continuance which was denied by the court. Following defendant's arrival a similar request was also overruled. In his brief the defendant argues that the delay ". . . [W]ould surely create an opportunity for the members of the jury panel to speculate about why the appellant was not present and feelings of anger and resentment might well have arisen in the minds of the jury. Further, since the fact that appellant was coming from Jefferson City had been discussed within the hearing of the jury, they may well have been led to believe that the appellant was being held in the State Department of Corrections and thus logically assume he was a convicted felon."

Defendant's surmises and conjectures concerning the trial jury are not supported

by the record. The transcript discloses that the discussion between counsel and court as to the delay in commencing the trial was out of the hearing and presence of the jury. The remarks now complained of were made by defendant's attorney to the court at 9 a. m. the day of the trial in connection with the first request for a continuance. The record shows that the jury was not impaneled until about 1:30 p. m.

A proper motion for a continuance of a criminal trial is addressed to the sound discretion of the trial court and we are not to interfere unless it clearly appears that such discretion has been abused. State v. King, 375 S.W.2d 34, 38 (Mo. 1964). We find no such abuse and the point is denied.

■ Intermingled with defendant's points is the further contention that the record fails to show defendant's arraignment or plea on either the original or amended information. Such an omission is not fatal. Rule 25.04, V.A.M.R. provides: "If a defendant is tried as if he had been arraigned and entered a plea of not guilty, the failure of the record to show arraignment and the entry of such plea shall not constitute reversible error." The cases so hold. Johnson v. State, 475 S.W.2d 101 (Mo. 1971); State v. Woolsey, 324 S.W.2d 753 (Mo. 1959).

The information is sufficient in form and substance. The verdict is in proper form and responsive to the issues submitted. Allocution was granted and the judgment and sentences are proper and responsive to the verdict.

The judgment is affirmed.

HOGAN, C. J., and STONE and TITUS, JJ., concur.