**STATE of Missouri, Respondent,**

v.

**Steven MORGAN, Appellant.**

**No. 37666.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 18, 1977.

Robert C. Babione, Public Defender, Joseph W. Warzycki, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Raymond A. Bruntrager, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

A jury found defendant Steven Morgan guilty of second degree burglary and pursuant to the verdict the trial court sentenced defendant to two years' imprisonment.

Defendant has appealed contending the trial court erred (a) in permitting the state to amend its information at trial, (b) by denying a mistrial when the state asked the victim if he had been burglarized before and (c) by not fully interrogating a juror who had asked to talk to the court.

The state's evidence showed James Beck's store was burglarized and that police had arrested defendant as he crawled out a window. Defendant denied he had been in the store but was across the street when apprehended.

 The original burglary information had been amended at trial by adding after defendant's name the words "acting with another." He contends this amendment required him to defend against the acts of other, unidentified persons. A comparable amendment was challenged in *State v. West*, 484 S.W.2d 191[4, 5] (Mo.1972). The court denied the challenge, declaring the

original and amended informations each charged defendant as principal, citing Rule 24.02, VAMR and § 556.170, VAMS. Here, as in *West,* there is no factual ground of prejudice. This, because the defense was that he had not entered the store. He has not shown this defense was affected by the amendment.

■ Defendant further contends the amendment entitled him to another preliminary hearing. Since there was no change in the offense charged, i. e., second degree burglary, another preliminary hearing was not required. *Johnson v. State,* 485 S.W.2d 73[3] (Mo.1972).

■ Defendant next contends the trial court should have declared a mistrial when state's counsel asked the victim how many times his store had been burglarized. The court sustained defendant's objection, the witness did not answer and the subject was dropped. The question was irrelevant but not so prejudicial to defendant we can say the trial court abused its discretion in not granting the drastic remedy of a mistrial. Compare *State v. Stapleton,* 518 S.W.2d 292[8] (Mo.1975), and *Kansas City v. La-Rose,* 524 S.W.2d 112[19–21] (Mo.1975).

■ During trial a juror asked to speak to the court. The juror denied on inquiry that she wanted to discuss anything about her "physical being or anything like that." The court asked her to be seated and denied

defense counsel's motion to inquire further about her reasons. Defense counsel could have but failed to pursue his remedy to preserve the point for review, namely, a request for evidentiary hearing on his motion for new trial. Whether defendant was prejudiced by the trial court's failure to inquire further into the juror's request raised a factual issue, and the burden of showing prejudice was on the defendant. Defendant deprived the trial court of an opportunity to assess the propriety of its ruling by failing to request an evidentiary hearing on his motion for new trial and hence nothing is preserved for appellate review.

As to a defendant's after-trial burden to produce evidence of prejudicial trial error— where that evidence, as here, does not appear in the trial record, see *State v. Lay,* 427 S.W.2d 394[6] (Mo.1968); *State v. Davis,* 369 S.W.2d 237[3] (Mo.1963); and *State v. Jones,* 531 S.W.2d 67[8] (Mo.App. 1975). We deny defendant's point.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.