**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Harold MONTGOMERY,
Defendant-Appellant.**

**No. 40768.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1979.

Robert Babione, Public Defender, Blair K. Drazic, Lyndia R. Glasgow, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Gordon L. Ankney, Asst. Circuit Atty., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

Appellant (herein defendant) was convicted of feloniously stealing an automobile contrary to §§ 560.156 and 560.161, RSMo. 1969. During the trial and at the close of all the evidence the court granted the State leave to substitute an information for the indictment adding the words "acting with another" after the defendant's name. Defense counsel promptly objected to the amending language.

Defendant was convicted and sentenced to three years imprisonment. Defendant appeals.

Defendant's sole point on appeal is that the trial court erred by allowing the State to amend the information to charge the defendant of acting with another.

Rule 24.02 allows for amendment of informations prior to verdict if no additional or greater crime is charged thereby and if substantial rights of the defendant will not be prejudiced. Rule 24.02; *State v. Roberts*, 506 S.W.2d 817, 818 (Mo.App.1974); *State v. Reynolds*, 536 S.W.2d 493, 497 (Mo. App.1976).

Defendant contends that he was prejudicially surprised by the amendment and was unable to meet the new charge.

We find that the court did not err in allowing the amendment. The amendment did not charge a different or additional crime. *State v. West*, 484 S.W.2d 191, 195 (Mo.1972); *State v. Morgan*, 546 S.W.2d 207, 208 (Mo.App.1977); *State v. Owens*, 550 S.W.2d 211, 213 (Mo.App.1977).

While we agree that the ultimate question is one of prejudice, the defendant has failed to demonstrate how he was prejudiced by the amendment. In *State v. Wilson*, 544 S.W.2d 859 (Mo.App.1976) the court stated the test of prejudice is whether evidences and defenses available to the defendant before the amendment would still be available to him after the amendment. *Id.* at 862.

The defendant merely states in his brief that the amendment was unfair and prejudicial. This conclusory statement is not sufficient to meet the test of *Wilson*. We find that the defendant was not prejudiced by the amended information.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.