**STATE of Missouri, Respondent,**

v.

**Lawrence E. WILLIAMS, Appellant.**

**No. 42971.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

Erica Leisenring, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Lawrence E. Williams guilty of second degree burglary. The trial court found he was a persistent offender under Sect. 558.016.2 RSMo. and fixed sentence at five years in prison.

On appeal defendant complains of the denial of his challenge to a venireman. He also contends he was entitled to a mistrial when in closing argument the prosecutor allegedly quoted defense counsel as having said "she lies to protect herself".

■ In qualifying prospective jurors defense counsel asked if they would be more likely to believe a police officer than a civilian. One venireman answered twice that he would, but later added: "I'd have to see what he is talking about." On questioning by the prosecutor venireman Schepker answered he would apply the same standard of credibility to policemen as lay witnesses.

■ Defense counsel's first questions to Mr. Schepker asked him to speculate on the weight he would give to testimony he had not yet heard. That was improper. *Littell v. Bi-State Transit,* 423 S.W.2d 34 [8, 9] (Mo.App.1967). And further questioning showed Mr. Schepker qualified his initial statement by answering "I'd have to see what he (the police officer) is talking about." On the prosecutor's questioning Mr. Schepker added he would apply the same standards of judgment to the credibility of policemen as lay witnesses.

The trial court did not abuse its wide discretion, and any doubt must be resolved in favor of its ruling. *State v. Treadway,* 558 S.W.2d 646 [1, 2] (Mo. banc 1977). We deny defendant's first point.

■ Defendant contends he was entitled to a mistrial because in closing argument the prosecutor said of defense counsel "She says that she lied to protect herself." After a recess the court went over the record to see just what the defense counsel had said and concluded the word used by defense counsel had not been "lie" but was "rely". The court told the jurors the prosecutor had misunderstood defense counsel's statement; it sustained defense counsel's objection but denied a mistrial.

■ In assessing defendant's claim for a mistrial we are guided by these principles laid down in *State v. Hammond,* 578 S.W.2d 288 [1, 2] (Mo.App.1979): (1) the utter impossibility of precisely regulating closing argument, (2) whether objectionable argument is so serious as to require a mistrial rests in the trial court's discretion and (3) granting a mistrial for improper jury argument is a harsh remedy to be exercised only where prejudice can be removed by no other means. We find defendant's complaint as to the closing argument here fails to meet these tests.

Judgment affirmed.

CRIST, P.J., and REINHARD and SNYDER, JJ., concur.