STATE of Missouri, Respondent,

v.

Willard Russell WOODS, a/k/a Rusty Woods, Appellant.

No. 62967.

Supreme Court of Missouri, Division No. 2.

Oct. 12, 1982.

William F. Ringer, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Presiding Judge.

Appellant Willard Russell Woods appeals from judgment of conviction on a jury verdict finding him guilty of capital murder, § 565.001, RSMo 1978. Punishment was fixed at imprisonment for life without eligibility for parole or probation for fifty years, § 565.008, RSMo 1978. Jurisdiction of this appeal is vested in this Court. Mo. Const. art. V, § 3. Appellant alleges error in the trial court's failure to instruct the jury on first degree (felony) murder, § 565.003, RSMo 1978, in admitting evidence that a state's witness had taken polygraph tests and been placed under hypnosis, and in permitting reference in the state's closing argument to his failure to testify. We affirm.

On August 13, 1979, the body of Allen House was found in his pickup truck parked on a dirt and gravel lane off Route O south of Stark City, Missouri. The victim had been shot in the head.

The state adduced evidence that earlier that day appellant and his cousin, Douglas Simmons, were riding appellant's motorcycle south from Stark City on Route O when they encountered the victim getting into his pickup truck at a roadside pasture gate. Appellant "pulled a gun" on the victim, forced him into the pickup, and got into the driver's side himself. With Simmons following on the motorcycle, appellant drove the pickup to a cemetery lane.

Simmons watched from a distance as the victim produced his billfold and put it on the dashboard of the pickup. Simmons then heard two shots in rapid succession and turned to see appellant fire a third shot. The pair fled on the motorcycle, stopping later to throw away the billfold after taking the money out.

Appellant was charged with capital murder. Consistent with the directives of MAI–CR2d 15.00, Note 3(d), the trial court instructed on capital murder, conventional second degree murder, and manslaughter. Appellant now charges error in the trial court's failure to submit an instruction on murder in the first degree because the evidence justified such submission and Note 3(d) requires such submission if the evidence supports it. Appellant argues that the directives of MAI–CR2d 15.00, Note 3(d), are in accordance with § 556.046, RSMo 1978. This Court has addressed this precise question in *State v. Baker,* 636 S.W.2d 902, (Mo.banc 1982), and has determined that under § 556.046, RSMo 1978, first degree murder is not a lesser included offense of capital murder and that, under *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), a jury in a capital murder case need only be instructed on lesser included offenses supported by the evidence. Appellant's first point is denied.

Appellant next complains of error in admitting evidence that state's witness Douglas Simmons had taken polygraph tests and been placed under hypnosis be-

cause such evidence created an inference that Simmons had passed the tests, which prejudiced the jury regarding his credibility. The state did employ the words "polygraph" and "hypnosis" in an exhibit. Such usage was inconsistent with the trial court's pretrial ruling on appellant's motion in limine that the prosecutor could use the word "tests" but not descriptive terms such as "polygraph" or "lie detector." However, the pretrial ruling on the motion in limine is interlocutory in nature only, *State v. Riggs,* 586 S.W.2d 447 (Mo.App.1979), and the point has not been preserved for review. Appellant's counsel did not object to admission of the exhibit, the memorandum of the state's pretrial agreement with Simmons, a plea bargain, and the exhibit was submitted to the jury also as a defense exhibit.

■ We are mindful that it is improper to admit evidence of the fact that polygraph tests have or have not been taken even though the results are not mentioned, *Stack v. State,* 234 Ga. 19, 214 S.E.2d 514 (1975); *Robinson v. State,* 550 S.W.2d 54 (Tex.Cr.App.1977); Annot., 88 A.L.R.3d 227 (1978), and that the results of polygraph examinations are inadmissible, *State v. Biddle,* 599 S.W.2d 182 (Mo.banc 1980). However, such evidence of the fact that tests have been taken is not necessarily prejudicial and we find that no manifest injustice or miscarriage of justice requiring reversal has resulted from admission of the exhibit. Rule 30.20. The credibility of the witness remained for the jury's determination because Simmons was impeached by use of his prior inconsistent statements.

■ Finally, we find no plain error in the state's closing argument references to the defense case. The references now characterized as comments on appellant's failure to testify are general statements that the defense had not contradicted Simmons' testimony and had not presented any evidence of appellant's innocence. It would call for a strained conclusion to find an indirect reference to appellant's failure to testify. *State v. Hutchinson,* 458 S.W.2d 553 (Mo.banc 1970); *State v. Jones,* 491 S.W.2d 271 (Mo.

1973); *State v. Morgan,* 444 S.W.2d 490 (Mo.1969).

The judgment is affirmed.

HIGGINS and SEILER, JJ., concur.