**STATE of Missouri, Respondent,**

v.

**Mark MICK, Appellant.**

**No. WD 34566.**

Missouri Court of Appeals, Western District.

Aug. 28, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 30, 1984.

Roy W. Brown, Bruce B. Brown, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Mark Mick was indicted for the Class C felonies of burglary, second degree, § 569.-170 and stealing over $150.00, § 570.030. A jury found him guilty of burglary and assessed punishment at 12 months and guilty of the stealing charge and assessed 12 months and a fine of $2500.00. Since the court made no statement at the time of pronouncement the sentences are to run concurrently. Rule 29.09.

Evidence supporting the verdicts came primarily from the state's witness, Lisa Johnson. Ms. Johnson said on the night of April 4, 1982 she was in a car owned by the appellant's cousin, Steve Mick, in Holt, Missouri. She fell asleep and when she awoke late at night they were pulling into the garage of Gaylen Johnson, who was not related to her, but who was her live-in boyfriend until May 3, 1982. There was meat in the back seat and trunk of the car. Shortly afterward Gaylen's car pulled up with the appellant as a passenger. Gaylen's car also contained meat. The two Micks and Gaylen began unloading the meat into a freezer in the Johnson home. Steve and the appellant said they had left

fingerprints on a particular jar of salad dressing and were going to retrieve the jar. After returning, the meat was divided with appellant taking $25.00 for his share saying he didn't want to get caught with it. Gaylen told his father the meat came from Larry's Market.

The owner and an employee of Larry's Market testified to a break-in and a substantial quantity ($1280.00 wholesale value) of meat and chicken being taken during the early morning of April 4th. Also taken was a jar of salad dressing.

Lisa Johnson broke up with Gaylen on May 3rd and then reported the matter to the authorities.

The reader's attention is also called to *State v. Mick,* 674 S.W.2d 554 (Mo.App. 1984). In that case, Mark and Steve Mick were found guilty of stealing property in Dekalb County on the night of April 3, 1982. Lisa Johnson, in May, reported the matter to law enforcement authorities, and, as here was the prosecution's main witness. As noted at page 558, and as brought out before the jury during cross examination in this case, Ms. Johnson had lived and been intimate with Gaylen for a period of time prior to the thefts. Their relationship was stormy at best, she had accused Gaylen of assaulting her prior to going to the police. They had just broken up, she had just left his residence when she implicated Gaylen and Steve Mick and the appellant.

It is the limitation of cross-examination of Ms. Johnson that forms the basis of the appellant's first point. His attorney had established that she had lived with Gaylen from February 18 until May 3rd, they had slept together, they had fought, she moved out on May 3rd and she reported this matter May 4. The appellant wished to show that the ill will and anger of the witness toward Gaylen caused her to file the charges. He wanted to question the witness about some incident between her and Gaylen in Florida six months prior to their break-up. The court ruled "the whole history about Gaylen Johnson ... is irrelevant;" in this case but was admissible in the case tried the day prior to this trial wherein Gaylen was the defendant.

■ Just what the Florida incident was, is not in any offer nor in the record here. The appellant relies mainly upon *State v. Summers,* 506 S.W.2d 67 (Mo.App.1974) for support on this point. *Summers,* held that cross examination is a most effective tool in ferreting out the truth and when unreasonably confined the search for truth is thwarted. *Id.* at 73. *Summers* involved the limitation of questions including promises of leniency to accomplices of the accused. Here the accused was allowed to effectively bring out the relationship of the witness to an accomplice. The defendant was not unduly restricted in his right to cross-examine by not allowing him to delve into events some six months back into the Lisa-Gaylen relationship. His offer was vague as to what else had occurred and it is hard to believe the jury could have been presented any relevant or material information different from what counsel had already forged by showing her to have waited a month to report the crimes—exactly a day after she had fought and broken up with Gaylen. The intimate relationship of Ms. Johnson and Gaylen had been made crystal clear to the jury. *State v. Smith,* 641 S.W.2d 463, 468 (Mo.App.1982). The trial court's discretion with regard to limitation of cross-examination has not here been clearly abused. *State v. Jones,* 629 S.W.2d 589, 591 (Mo.App.1981).

■ In his next point the appellant states the indictment charged him with stealing while the state was allowed a variance by Ms. Johnson's testimony that Steve Mick and Gaylen Johnson participated in the unloading and selling of the meat. The appellant admits the nature of the offenses does not change by amending an information by adding "acting with another." *State v. Morgan,* 546 S.W.2d 207, 209 (Mo. App.1977). This evidence did not charge him with another crime, nor did it alter his defense, *i.e.* that he did not commit the crime. He can therefore show no prejudice. *State v. Montgomery,* 588 S.W.2d 749, 750 (Mo.App.1979). In fact, this evi-

dence was helpful to the appellant's theory as postured in his first point of his being charged only because the witness had malice toward Gaylen. The point is denied.

■ In a somewhat related vein, the appellant also complains of a variance between the indictments and the instructions. The verdict-directors contain language that "the defendant acted together with Steve Mick and Galen [sic] Johnson in committing that offense." In *State v. Easton*, 577 S.W.2d 953, 958–59 (Mo.App.1979), *cert. denied*, 444 U.S. 863, 100 S.Ct. 131, 62 L.Ed.2d 85 (1979). The court said it was proper to charge one as a principal but to submit active participation or as an aider. How the appellant was prejudiced has not been shown.

■ In next attacking the instructions Mick points out the court erred in instructing the jury on the ranges of punishment for a Class C felony, § 558.011.1(3) Cum. Supp.1983, as being 2 to 7 years. He is correct. *State v. Quisenberry*, 639 S.W.2d 579, 588 (Mo. banc 1982). However, he can show no prejudice since he received the minimum sentence of 12 months. He further says the MAI instructions were incorrect in allowing the jury to declare punishment in the county jail. He is incorrect, his point is denied for the same reason as presented in *State v. Mick, supra*, at pages 558 and 559.

■ For his fourth main point he states his motion to dismiss should have been sustained. He made the same contention in *State v. Mick, supra*, and generally for the same reasons as given there the point is denied. Mick says Ms. Johnson's testimony is inconsistent. He does not elaborate on the inconsistencies. He also says her testimony, the sole link to him as being involved, is not sufficient to find him guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As pointed out in *State v. Holt*, 592 S.W.2d 759, 774 (Mo. banc 1980), the credibility and weight of the witness' testimony was for the jury. The testimony of Ms. Johnson that she saw

the appellant and the others unloading and dividing the meat, that appellant sold his share because he didn't want to get caught with it, and that Gaylen had said the meat came from the market in question, coupled with her relating the appellant and Steve Mick went back to retrieve a salad dressing jar that might contain a finger print, coupled with the owner's and employee's testimony as to the items taken made a submissible case. *State v. Holt, supra.*

■ For his final point Mick asks for reversal based upon the denial of his oral motion to dismiss the jury panel prior to voir dire. Counsel had tried the day before the criminal case against Gaylen Johnson with the appellant being a witness. He claimed a number of persons on this panel had served on the Johnson panel. The court denied his motion saying none of the persons on the Mick panel had served on the Johnson case and heard no testimony. The appellant's counsel asked the panel if they would be prejudiced in this case since they had not been chosen the day before. None answered affirmatively. The judge did however, offer to excuse one of venirepersons who had observed the Johnson trial. The appellant objected, to the surprise of the court, and said it didn't bother him if that person sat on this jury. The appellant can show no prejudice here. He can claim no *per se* theory of implied bias, rejected in *Johnson v. U.S.*, 484 F.2d 309, 310 (8th Cir.1973); *State v. Hutchens*, 604 S.W.2d 26, 29 (Mo.App.1980). In *Hutchens* the court said in the absence of some evidence of actual partiality a juror is not disqualified because he sat in a similar case. *Id.* at 29. Further, no evidence was offered in support of the appellant's unverified motion. *State v. Howard*, 606 S.W.2d 268, 269 (Mo.App.1980). In *State v. Johnson*, 637 S.W.2d 290, 291 (Mo.App.1982) ten venirepersons had served on a jury that had convicted the defendant's alleged accomplice. The point is denied.

The judgment is affirmed.

All concur.