STATE of Missouri,
Plaintiff-Respondent,

v.

Richard WAKEFIELD,
Defendant-Appellant.

No. 13246.

Missouri Court of Appeals,
Southern District,
Division Two.

June 5, 1986.

Motion for Rehearing and to Transfer
Denied and Overruled June 23, 1986.

Charles Shaw, Shaw, Howlett & Schwarts, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

AFFIRMED

A jury found the defendant guilty on each of five charges. The offenses charged and the punishment assessed upon each are as follows. Count I—receiving stolen property, § 570.080, three months; Count II—removing or defacing a manufacturer's number, § 301.400, two months; Count III—receiving stolen property, § 570.080, three months; Count IV—forgery of vehicle identification number, § 570.090.1(3), three months; Count V—receiving stolen property, § 570.080, three months. The trial court sentenced the defendant in accordance with the verdicts and ordered the sentences to run consecutively. The defendant states six points on appeal.

The evidentiary background in this case is substantially the same as that in *State v. Wakefield*, 682 S.W.2d 136 (Mo.App.1984). Each case arises from the operation of an automobile salvage yard by the defendant. The various means and methods of identification of motor vehicles are explained in detail in the prior case. The same is true of the nature of the operation of a "chop shop." In general, such an operation involves dismantling two or more vehicles and reassembling mixed parts thereof in an effort to provide a false identification for a reconstructed motor vehicle. The prior case should be read for a more complete statement of the evidentiary background for the stated points on appeal.

The defendant's first point is that the trial court committed prejudicial error by permitting the state, immediately before presentation of evidence, to disclose and endorse four witnesses. The witnesses were James Erhardt, Joe Bowen, Billie White and Eva White. To permit such late disclosure and endorsement is within the discretion of the trial court. It is not a basis for reversal in the absence of prejudice resulting in fundamental unfairness to the defendant. *State v. Clark*, 693 S.W.2d 137 (Mo.App.1985).

There were seven charges of similar import pending against the defendant. They had been processed together. Four were separated for trial in this case. Three were the subject of *State v. Wakefield*, supra. The four persons so endorsed were principal witnesses in that case. They were disclosed and endorsed in respect to those charges. The defendant, through reports or preliminary hearings, was familiar with their testimony. "No prejudice or fundamental unfairness resulted to defendant here. Defendant knew what the testimony would be...." *State v. Clark*, supra, at 140. The point is denied.

The defendant next contends the evidence is insufficient to sustain the three convictions for retaining or disposing of stolen property. The gravamen of his complaint is that there was no substantial evidence to establish the defendant believed or knew the three motor vehicles involved were stolen. It is appropriate, but trite, to observe that this court is to review the facts and evidence and all favorable inferences therefrom in the light most favorable to the state and all inferences and evidence to the contrary are to be disregarded. *State v. Williams*, 623 S.W.2d 552 (Mo. 1981).

The defendant's belief or knowledge that those three vehicles were stolen may be inferred from the facts and circumstances. *State v. Hayes*, 597 S.W.2d 242 (Mo.App. 1980). There was evidence to establish the following facts and circumstances.

In regard to Count I, a 1979 GMC pickup truck, stolen in St. Louis, was used in the defendant's body shop to repair a 1979 Chevrolet pickup truck. The identification plates and marks on the repaired vehicle had been altered. In regard to

Count III, a stolen 1979 CJ-7 Jeep was used in the defendant's body shop to repair a 1978 Jeep. Again, there was evidence the identification on the repaired vehicle had been altered. In regard to Count V, when officers arrived at the defendant's salvage yard in May, 1981, the defendant was in possession of and claimed ownership of a Thunderbird automobile being driven by his girl friend. A 1979 Thunderbird automobile had been stolen in St. Louis in December, 1980. The body of that stolen 1979 Thunderbird had been placed on the frame and drive train of a 1978 Thunderbird. The identification on the Thunderbird automobile in the defendant's possession had been tampered with. Portions of the stolen 1979 Thunderbird were found in the defendant's salvage yard, with the identifying plates found buried in a pile of fresh dirt. In addition, the state presented evidence concerning alterations to and the condition of the vehicles involved in *State v. Wakefield, supra.* No extended discussion or citation of authority is necessary to conclude the evidence was sufficient for the jury to infer the defendant possessed the required knowledge or belief. Cf. *State v. Sours,* 633 S.W.2d 255 (Mo.App. 1982).

The defendant's third point is that the trial court erred by giving erroneous instructions submitting the three counts of receiving stolen property. The instructions given were patterned upon MAI-CR 2d 24.-10 dated 1-1-79. Those instructions gave the jury the option of assessing the punishment at imprisonment in the division of corrections for two to seven years or in the county jail not to exceed one year. His basic complaint is that the jury was not advised that it could find the defendant guilty and assess his punishment at "no imprisonment but a fine, the amount to be determined by the court." He contends this error was not cured by companion instructions patterned upon MAI-CR 2d 2.60 (withdrawn 6-1-83).

The jury would have been so advised by the applicable punishment clause of MAI-CR 2d 2.04 (1983 Revision). However, that instruction was not approved until Decem-

ber 15, 1982, and was not effective until June 1, 1983. This case was tried in November, 1982. The defendant does not cite or rely upon the paragraph to be added to MAI-CR 2d 2.60 (withdrawn 6-1-83) as suggested in *State v. Van Horn,* 625 S.W.2d 874 (Mo. banc 1981). However, consideration of that case does not require reversal.

Contrary to the defendant's statement, his complaint under this point was not preserved for review. In his motion for new trial, he asserted the questioned instructions were erroneous because they were not supported by the evidence. He did not voice the complaint he now asserts. It may be reviewed only as plain error. *State v. Torregrossa,* 680 S.W.2d 220 (Mo. App.1984). An instruction is prejudicially erroneous only when the trial court "has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice." *State v. Murphy,* 592 S.W.2d 727, 733 (Mo. banc 1979). The jury was advised the court could assess a fine. They assessed the punishment in excess of the minimum. The failure to incorporate the *Van Horn* suggestion did not result in manifest injustice. *State v. Torregrossa,* supra. Further, on each count the jury assessed the punishment at imprisonment in the county jail. The misstatement of the minimum range of punishment in the division of corrections as two years did not constitute prejudicial error. *State v. Mick,* 680 S.W.2d 170 (Mo.App.1984).

By point four, the defendant contends the instructions submitting Counts II and IV were erroneous for the reasons asserted under his third point. That contention is denied upon the same basis the third point was denied. Under his fourth point the defendant also asserts the evidence was insufficient to establish he altered the identification on the 1979 GMC pickup truck and the 1979 Jeep. There was evidence that identification was altered. Considering all of the evidence the jury could reasonably find it was altered by the defendant.

By his next point, the defendant contends the trial court erred in not declaring a mistrial during voir dire. That contention is based upon the following incident. Apparently, as a prelude to a question, the prosecuting attorney stated that he believed the defendant may call character witnesses and had disclosed to the state that he may call them. After approaching the bench, the defendant moved for a mistrial. The trial court then asked the prosecuting attorney if he would withdraw the question. The prosecuting attorney stated that he would. After the bench conference concluded, the trial court, in the presence of the jury, asked the prosecutor if he would like to withdraw the last question. The prosecutor then stated he withdrew that question.

The prosecuting attorney then asked the panel if anyone would automatically believe a character witness. The defendant objected. The trial court, in the presence of the jury, asked the prosecuting attorney if he cared to withdraw that question. The prosecuting attorney withdrew the question.

The defendant contends remarks of the prosecuting attorney were contrary to his rights under the Fifth Amendment. He argues the last question was improper under cases such as *State v. Hurley*, 680 S.W.2d 209 (Mo.App.1984) and *State v. Williams*, 617 S.W.2d 98 (Mo.App.1981). The state argues the preliminary remark and question were proper under cases such as *State v. Reed*, 629 S.W.2d 424 (Mo.App. 1981) and *State v. Neal*, 591 S.W.2d 178 (Mo.App.1979). It is not necessary to resolve these arguments. Upon the defendant's objection to the second question, the trial court in effect sustained that objection. The prosecuting attorney withdrew the question. The defendant sought no further relief.

■ Assuming the remark of the prosecuting attorney first referred to to be error, it does not follow the trial court was compelled to order a mistrial. Whether or not that drastic remedy is necessary is a determination to be made within the discretion of the trial court. *State v. Smith*, 632 S.W.2d 36 (Mo.App.1982). The trial court sustained the defendant's objection to the first statement and that statement was withdrawn. The determination of the trial court that a mistrial was not required was not error. Cf. *State v. Reed, supra.*

■ The defendant's last point is based upon the fact that during the opening and final portions of the state's closing argument, the prosecuting attorney referred to the fact the state's evidence was uncontradicted. The defendant contends those statements were an improper comment upon the defendant's right not to testify as established by the Fifth Amendment. "The principle which defendant seeks to invoke applies only when the State refers directly and certainly to the defendant's failure tɔ testify. Merely stating that evidence is uncontradicted or that a defendant has failed to offer evidence is not such a certain and direct reference." *State v. Wakefield, supra,* at 145. Also see *State v. Ellis*, 710 S.W.2d 378, S.D. No. 13991 (Mo.App.1986). The defendant's sixth point is denied and the judgment is affirmed.

PREWITT, C.J., and HOGAN, P.J., and CROW, J., concur.