**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Daniel R. BOHANON,
Defendant–Appellant.**

**No. 15114.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 9, 1988.

Motion for Rehearing and Transfer
Denied and Overruled
March 1, 1988.

Application to Transfer Denied
April 19, 1988.

Nancy A. McKerrow, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged as a persistent offender under § 558.016 with two counts of sexual abuse in the first degree by subjecting a person less than 12 years old to sexual contact. § 566.100. A jury found him guilty on each count. The court determined he was a persistent offender and sentenced him to imprisonment for consecutive terms of 10 years each. He states three points on appeal.

The defendant does not question the sufficiency of the evidence to sustain his convictions. The following is a brief summary of the evidence sufficient to place his points in context in the proceeding.

On March 14, 1986, the mother of the victims, her cousin Maxine, and the defendant, accompanied by the victims were driving. The victims were C.K., a female child 10 years old and L.D.K., a female child 7 years old. The mother and Maxine decided to go to a tavern. They took the defendant

and the victims to the mother's home. The defendant was to act as the victims' "baby-sitter."

In an upstairs room the defendant pushed C.K. onto a bed and touched her vagina and her lips. When C.K. fled, the defendant went downstairs where he accosted L.D.K. C.K. ran out of the house and called the police. The defendant touched the vagina of L.D.K. He scratched her with his fingernail. The police quickly arrived at the home. They were met by C.K. As they approached the house, L.D.K. emerged. Her clothes were in disarray, her bluejeans were pulled down around her ankles, and her pullover top and sweater type jacket were tied around her waist. Both little girls were very frightened and excited. They were taken to a hospital. Examination of L.D.K. showed blood on her inner thighs, a point of bleeding near the vaginal opening, and a small tear. The examination of C.K. did not reveal any physical injury in the vaginal area.

The incident was reported to the mother at a tavern. She unsuccessfully tried to find the defendant. She then went to the hospital. L.D.K. was overheard to tell her mother "Danny raped me, Danny got me." The police were unable to locate the defendant. He was later apprehended in Illinois.

On March 15, 1986, the day following the incident, a social worker, with the aid of anatomically correct dolls took the statements of the victims. In those statements they related the incidents outlined above.

On June 9, 1986, the state filed in the associate division of the circuit court a motion for a videotape deposition pursuant to § 491.680 to be taken June 10, 1986. The motion did not specify the proposed deponents.

On June 10, 1986, the associate circuit court summarily sustained the motion. On June 10, 1986, the social worker referred to above interviewed the victims. Those interviews were recorded on videotape. The preliminary hearing upon the charges against the defendant was held on June 13, 1986.

The case was tried on January 27, 1987. The state presented the testimony of the mother, a police officer who arrived at the home, the examining physician, and the social worker. Testimony relating the statement of L.D.K. at the hospital that the defendant got her was admitted. Further, the social worker testified extensively concerning the content of the victims' statements taken the following day. A transcript of those statements was admitted in evidence. The videotape interviews were shown to the jury. The videotape in general corroborated the events described in the statements taken March 15, 1986. However, the videotape interviews also contained certain inconsistencies.

The defendant's first point is that by admitting the videotaped interviews, the trial court erroneously denied him "his constitutionally guaranteed rights of due process and confrontation in that neither alleged victim was called to testify at trial and appellant was never afforded the opportunity to cross-examine them either before or during trial." He cites the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. He also cites Art. I, §§ 10 and 18(a) Const. of Missouri (1945).

It must first be noted that the assertion the defendant was never afforded the opportunity of cross-examination is not supported by the record. The defendant's motion for a new trial includes this cryptic allegation:

That at the time of trial, and at the time of preliminary and pursuant to the provisions of Section 491.680 RSMo, a videotape deposition was conducted of the two alleged victims, to wit: L.D.B. and C.B., said videotape was used at the time of the preliminary hearing, was also used by the State at the time of trial, and prior to the admission of the videotape at the time of trial, and in response to a timely objection by counsel on behalf of Defendant, alleging that Section 491.-680(4) had been violated, whereby the attorney for the Defendant shall have at least two opportunities to cross examine the deposed alleged child victim; *once prior to the preliminary hearing,*

*which was done*, and at least one additional time prior to trial, which was not afforded to the Defendant, and therefore in violation of the provisions of Section 491.680(4). (emphasis added).

The record does not establish whether or not the victims were in the courthouse at the time of trial. However, the record does demonstrate that at the time of trial the victims lived with their mother in the county in which the case was tried. Section 492.304, hereafter discussed, makes it clear they were subject to being called and cross-examined by the defendant.

A further discussion of the merits of the defendant's first point is not required. It is a well-established principle that "[t]o preserve a constitutional question for review here it must be raised at the first opportunity." *Magenheim v. Board of Education of School District of Riverview Gardens*, 340 S.W.2d 619, 621 (Mo.1960). That principle finds frequent application in respect to attacks upon the constitutionality of a statute. *State v. Bailey*, 659 S.W.2d 559 (Mo.App.1983).

As hereafter developed, the defendant's first point is in reality an attack upon the constitutionality of § 492.304. In general, that section conditionally permits the presentation to a jury of an ex parte videotape interview of a child under the age of twelve alleged to be a victim of an offense defined in chapters 565, 566 or 568. One of the conditions is that "the child is available to testify." § 492.304.1(8). In *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987), the Supreme Court of Missouri found it unnecessary to pass upon the constitutionality of § 492.304. It decided the case upon the following basis:

> The state did not fully avail itself of the privilege, accorded it by the statute, of introducing the videotape and then leaving it to the defendant to call the victim for cross-examination. It first introduced the videotape, and then called her to the stand where she gave testimony covering all the elements of the case. The defendant argues that this proce-

dure resulted in an improper enhancement and rehabilitation. We agree.

*State v. Seever*, supra, at 441.

In the recent case of *State v. Bowman*, 741 S.W.2d 10 (Mo. banc 1987), the Supreme Court determined that § 491.074 does not deny a defendant the right of confrontation as guaranteed by the Sixth Amendment to the Constitution of the United States and Art. I, § 18(a) Mo. Const. (1945). That section provides that a prior inconsistent statement of any witness testifying in the trial of an offense defined in Chapter 565, 566 or 568 shall be received as substantive evidence. In so holding, the court noted the witness was subject to cross-examination and the federal constitutional question was ruled by *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). On a similar basis, the court found the statute did not violate the cited provision of the constitution of this state. Statutes similar to § 492.304 have been found to be valid in other states. *State v. Johnson*, 240 Kan. 326, 729 P.2d 1169 (1986), cert. denied, — U.S. —, 107 S.Ct. 2466, 95 L.Ed.2d 874 (1987); *State v. Feazell*, 486 So.2d 327 (La.App. 3 Cir.1986); *Whittemore v. State*, 712 S.W.2d 607 (Tex. App.1986). Contra *Long v. State*, 694 S.W. 2d 185 (Tex.App. 5 Dist.1985).

■ The defendant's sole objection to the presentation of the videotaped interviews of the victims was by an oral motion in limine. That objection was that contrary to § 491.685(3), the defendant and his attorney had not been afforded an opportunity to review the videotape in private and in the presence of each other. Even if § 491.685(3) was applicable, this objection did not preserve the defendant's claim of a deprivation of constitutional rights for review. *State v. Taylor*, 735 S.W.2d 412 (Mo.App.1987).

To avoid this conclusion, the defendant insists he did not waive his constitutional rights and cites *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). In that case a defendant's lawyer agreed to a trial before the court in which the state was required to present only a "prima facie case" of guilt. That procedure was not

clearly defined. It was compared to a plea of nolo contendre. Under that procedure the defendant was not permitted to call witnesses or to cross-examine witnesses presented by the state. The Supreme Court of the United States found the procedure tantamount to a plea of guilty. It further found the agreement by the lawyer was contrary to the desire of the defendant which had been expressed in open court. Upon this determination the court found:

> Nothing in *Henry* [*v. Mississippi*, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed. 2d 408, 414 (1965)], however, can possibly support a contention that counsel for defendant can *override his client's desire expressed in open court* to plead not guilty and enter in the name of his client another plea—whatever the label—which would shut off the defendant's constitutional right to confront and cross-examine the witnesses against him which he would have an opportunity to do under a plea of not guilty.

*Brookhart v. Janis*, 384 U.S. 1, 7–8, 86 S.Ct. 1245, 1248–1249, 16 L.Ed.2d 314, 319 (1966) (emphasis added).

For numerous reasons *Brookhart* does not aid the defendant. Those reasons include the following. As noted, the defendant's motion for a new trial indicated he had been afforded cross-examination at the preliminary hearing. To have called the victims and cross-examined them at trial could well have served only to strengthen the already strong case of the state. It is significant that while the jury was out the defendant stated to the court that his trial counsel "represented me to the full extent." Contrary to the defendant's argument, *Brookhart* does not announce a standard to measure the competency of trial counsel. Nor does it require a trial court to determine if a defendant personally approves of the basis of an objection made by counsel or the absence of an objection. The defendant's first point is denied.

The defendant's second point is that the trial court erred in allowing the videotaped interviews to be shown to the jury because the procedures prescribed by §§ 491.680 to 491.693 were not followed in that:

the state introduced a videotaped interview and not a deposition; no finding was made that C.K. and/or L.D.K. would suffer emotional or psychological harm if required to testify in open court; the court did not preside over the making of the videotape; appellant's attorney was not present and did not cross-examine the two children during the making of the videotape; appellant was not present, and no motion was filed to exclude him during the making of the videotape; and neither child witness was sworn before giving their testimony on videotape.

For many reasons, this point has no merit. The defendant did not present this objection to the trial court. The defendant may not first present such a contention on appeal. *State v. Garrette*, 699 S.W.2d 468 (Mo.App.1985); *State v. Cannady*, 660 S.W.2d 33 (Mo.App.1983). Further, the defendant made no objection when the social worker told the jury the content of the videotape, *State v. Richardson*, 340 Mo. 680, 102 S.W.2d 653 (1937); *State v. Williams*, 566 S.W.2d 841 (Mo.App.1978), or when the videotape was presented to the jury. *State v. Evans*, 639 S.W.2d 820 (Mo. 1982); *State v. Riggs*, 586 S.W.2d 447 (Mo. App.1979).

■ Moreover, the point fails for a more fundamental reason. In recent years, many states have adopted a variety of statutes concerning the presentation of evidence from the victims of child abuse. See 13A Uniform Laws Annotated—Uniform Rules of Evidence—Rule 807 (1987 P.P.); Abandoning Trial By Ordeal: Missouri's New Videotaping Statute, 51 Mo.L.Rev. 515 (1986); Myers, Child Witness Law and Practice § 6.2 (1987).

In Missouri such statutes include the following. Section 491.075 provides circumstances governing the admission of a statement by a child under the age of twelve relating to an offense defined by chapters 565, 566 or 568 performed with or on a child by another. As noted, § 492.304 conditionally permits the presentation to the jury of an ex parte videotape interview of a child under the age of twelve who is alleged to be the victim of an offense defined

by those chapters. Sections 491.675 to 491.693 enacted the "Child Victim Witness Protection Law." Those sections provide for the use of depositions of such children "in lieu of the child's personal appearance and testimony at preliminary hearings and at trial."

In this case, for some unexplained reason, the state filed a motion for a videotape deposition pursuant to § 491.680. However, none of the procedural steps prescribed by §§ 491.675 to 491.693 were followed. Nonetheless, if the videotape interviews were competent evidence under any theory, the trial court did not err in admitting the same. *State v. Scown,* 312 S.W.2d 782 (Mo.1958); *State v. Bryant,* 583 S.W.2d 585 (Mo.App.1979).

As noted, the defendant's only objection to the videotape was that he and his attorney had not been afforded an opportunity to review the videotape in private and in the presence of each other. That is not a condition of § 492.304. That section does include the following requirement. "The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; ...." § 492.304.1(7). The defendant's attorney had viewed the tapes and that condition was satisfied. The defendant did not otherwise object to the admission of the videotape under § 492.304. He does not now contend it is not admissible under that section. The defendant's second point is denied.

■ The defendant's final point is that the trial court erred in overruling the defendant's motion for a mistrial because in closing argument, in violation of the Fifth Amendment and Art. I, § 19 Mo. Const. (1945), the state argued the defendant failed to present evidence. He contends such a violation is established by the following remarks:

The evidence is what the State of Missouri presented to you.... Because the only evidence you heard came from the State of Missouri's side.

. . . .

Think of the evidence. What was the evidence? Was there any conflicting, or any negating evidence at all that you heard today? Think back. Is there anything at all to refute what we said happened out there, what the little girls said happened out there, what the doctor verified ....

. . . .

Really there's no refuting any of this.... You were not presented another side of the story, because I submit to you there was no other side of the story.

The following is a summary of the applicable standard:

The trial court has wide discretion in controlling the scope of closing argument.... It is in a better position to observe the contested incidents and to determine their prejudicial effect upon a jury.... Because of the trial court's superior vantage point, this Court has held that it will disturb the trial court's decision, when the prosecutor allegedly has alluded to a defendant's failure to testify, only where the references are direct and certain.... Merely stating that evidence is 'uncontradicted' or that a defendant has failed to offer evidence is not a direct and certain reference.

*State v. Robinson,* 641 S.W.2d 423, 426 (Mo. banc 1982) (citations omitted). Within that standard, the state's argument was a permissible statement the evidence was uncontradicted. Cf. *State v. Woods,* 639 S.W. 2d 818 (Mo.1982); *State v. Jones,* 491 S.W. 2d 271 (Mo.1973); *State v. Wakefield,* 712 S.W.2d 442 (Mo.App.1986). The defendant's last point is denied and the judgment is affirmed.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., not participating.