**STATE of Missouri, Respondent,**

v.

**Warren G. OLSON, Appellant.**

**No. WD 46103.**

Missouri Court of Appeals,
Western District.

May 4, 1993.

Kevin E.J. Regan, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

Warren G. Olson appeals his jury conviction of sodomizing his eight-year-old stepdaughter between July 1, 1990, and December 1, 1990. He claims that the trial court erred by admitting a tape recording of the victim's statements to police which included unrelated bad acts and crimes. We reverse and remand.[1]

At issue was a taped interview of the victim by a police detective in which the victim detailed many acts of sexual abuse by her stepfather. Amidst the details, she told the detective that Olson had drunk large quantities of beer, had broken furniture and furnishings during heated arguments with her mother, had thrown her cat down the stairs, had given beer to her six-year-old brother and had shown him magazines containing pictures of nude women.

The state offered the tape into evidence over Olson's objection. The state offered the tape pursuant to § 491.075, RSMo 1986, which says:

A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

Before the state played the tape, Olson objected that it was unnecessary bolster-ing, hearsay, and it contained irrelevant damaging testimony about prior bad acts. He specifically mentioned drunkenness and throwing a cat down the stairs. He said this evidence was inflammatory, and its prejudice outweighed its probative value. He asked the court to order the state to transcribe the tape and to redact the irrelevant matter from the transcript before playing it for the jury. The court overruled his objection and denied his request.

While the state was playing the tape for the jury, Olson objected to jury's hearing irrelevant allegations of "drunkenness, criminal behavior as far as of serving alcohol to a minor, ... child abuse, and wife abuse." The court overruled his objections.

In his motion for a new trial, he objected to the tape as hearsay and unnecessary bolstering, and because it alleged irrelevant bad acts and crimes. The motion specifically mentioned the allegations of Olson's giving beer and "pornographic magazines" to his son and throwing the cat down the stairs. The trial court denied his motion.

Olson appeals the trial court's permitting the jury to hear the allegations because they were irrelevant and inflammatory. We agree.

█ The state argues that Olson did not preserve the issue for appeal because his objections were not specific enough, were not timely and his claim on appeal was not based on the objections made at trial. The state asserts that this court's review must be pursuant to the "plain error" standard of Rule 29.12(b). We disagree.

Olson objected before the tape was played. He asked the trial court to redact the offending portions from the tape. He renewed his objection while the tape was playing.[2] He objected to the jury's hearing evidence of irrelevant bad acts and other crimes and specifically mentioned testimo-

---

1. Olson raised six points on appeal. Because this point is dispositive, we do not address the other five points.

2. Although the record is not entirely clear as to when Olson made his objection during the tape's playing, it is clear that he was hampered to some degree in making his objection because the court reporter left the courtroom while the tape was playing.

**16** ■

ny of Olson's drunkenness, furnishing alcohol to a minor, child abuse and wife abuse. In his motion for new trial, he argued that the trial court erroneously allowed evidence of other bad acts and crimes, and he specifically mentioned giving beer and "pornographic magazines" to his son and throwing the victim's cat down a flight of stairs. He preserved the issue for appeal.

■ The victim's testimony concerning Olson's providing beer and lewd material to his six-year-old son was not relevant. "The test for relevancy is whether an offered fact tends to prove or disprove a fact in issue or corroborates other relevant evidence." *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991). We find no issue which Olson's giving beer and lewd material to his son tends to prove, disprove or corroborate. The testimony served only to inflame and prejudice the jury as to Olson's character. "[T]he prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is introduced for some purpose other than to suggest that because the defendant is a person of criminal character, it is more probable that he committed the crime for which he is on trial." *McCormick on Evidence* § 190 at 798 (4th ed. 1992). "[P]roof of the commission of separate and distinct crimes is not admissible unless such proof has a legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial." *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992). The longstanding rule has been:

> The testimony of a separate offense must have some tendency to prove the charge in the indictment. It is inadmissible only on the ground that it has some logical connection with the offense proposed to be proven. It is clearly not admissible on the theory that, if a person will commit one offense, he will commit another.

*State v. Spray*, 174 Mo. 569, 74 S.W. 846, 851 (Mo.1903). The evidence at issue here should not have been admitted.

"The trial court is vested with broad discretion in ruling questions of relevancy of evidence and, absent a clear showing of abuse of that discretion, the appellate court

should not interfere with the trial court's ruling." *State v. Brown*, 718 S.W.2d 493, 494 (Mo. banc 1986). A trial court's ruling is an abuse of discretion if it is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration[.]" *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988). The testimony concerning the beer and the magazines did not directly establish Olson's guilt of the charges for which he was on trial. The trial court should have ordered the state to redact the tape of the impermissible evidence as Olson requested. It abused its discretion by not doing so. The state argues that testimony concerning Olson's treatment of the victim's cat, the victim's mother and Olson's son was part of the *res gestae* of the charged offenses. It also argues that it helped explain why the victim did not report the abuse. Testimony concerning Olson's mistreatment of the cat and arguments with the victim's mother contributed to the victim's fear of Olson and, combined with her testimony that Olson threatened her, may have helped explain her fear of Olson. However, evidence of Olson's showing his son lewd magazines and giving him beer was clearly inadmissible; it lacked any probative value concerning a material issue in this case.

■ When inadmissible evidence is presented to the jury, a conviction will not be reversed if the testimony is not prejudicial. *State v. Leisure*, 796 S.W.2d 875, 879 (Mo. banc 1990). Testimony that Olson gave beer and showed lewd magazines to his son was sufficiently inflammatory and irrelevant that it was prejudicial.

We remand for a new trial. We instruct the trial court to exercise its discretion to exclude all collateral evidence from the tape should the state seek to admit it into evidence on retrial.

All concur.