

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33239 |
| | ) | |
| BRETT SANDERS, | ) | **Filed: November 6, 2015** |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

## <u>AFFIRMED</u>

A jury found Brett Sanders ("Defendant") guilty of two counts of statutory sodomy in the first degree of A who was less than twelve, and one count of statutory sodomy in the first degree of B who was less than twelve, two counts of child molestation in the first degree (one of A and one of B), and one count of sexual misconduct by indecent exposure to A. The jury assessed punishment at life on each count of statutory sodomy, ten years on each count of child molestation, and four years on the count of sexual misconduct. The trial court imposed the punishment assessed by the jury. Defendant appeals claiming (1) the trial court "abused its discretion" in admitting A and

B's recorded statements under section 491.075[1] because the "time, content, and circumstances" of A and B's statements "did not provide a sufficient indicia of reliability" in the absence at the section 491.075 hearing of the person who conducted the interviews; and (2) the trial court erred in admitting A and B's recorded statements because the absence at the section 491.075 hearing and at trial of the person who interviewed A and B violated Defendant's constitutional "right to confront[]" the interviewer. We reject Defendant's claims and affirm the trial court's judgment.

## Standard of Review

### *Point I*

This Court reviews the trial court's decision regarding the admission of a child's out-of-court statements under section 491.075 for an abuse of discretion. *State v. Wadlow*, 370 S.W.3d 315, 320 (Mo.App.2012). . . . The trial court abuses its discretion only where the trial court's findings are not supported by substantial evidence in the record, *State v. Thompson*, 341 S.W.3d 723, 729 (Mo.App.2011), and the decision to admit evidence is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that the decision shocks the sense of justice and indicates a lack of careful, deliberate consideration, *State v. Kennedy*, 107 S.W.3d 306, 310 (Mo.App.2003). If reasonable persons can differ as to the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion. *State v. Hawkins*, 328 S.W.3d 799, 808 (Mo.App.2010).

The trial court decides whether to admit the victim's out-of-court statements based on the information provided at the 491 hearing. *State v. Sprinkle*, 122 S.W.3d 652, 661 (Mo.App.2003). Based upon that evidence,

> [t]o determine the reliability of a child's out-of-court statements for the purposes of section 491.075, Missouri courts look to the totality of the circumstances. In making this determination, the following non-exclusive factors are considered: (1) spontaneity and consistent repetition; (2) the mental state of the declarant; (3) the lack of motive to fabricate; and (4) knowledge of subject matter unexpected of a child of similar age.

*Wadlow*, 370 S.W.3d at 320 (internal citations and quotations omitted).

---

[1] All references to statutes are to RSMo, Cum.Supp. 2008, unless otherwise specified.

*State v. Nelson*, 465 S.W.3d 533, 539-40 (Mo.App. S.D. 2015).

*Point II*

"The question of whether a defendant's rights under the Confrontation Clause were violated by a ruling of the trial court is a question of law that we review *de novo*." **State v. Hill**, 247 S.W.3d 34, 39 (Mo.App. E.D. 2008) (citing **State v. March**, 216 S.W.3d 663, 664–65 (Mo. banc 2007)); *see also* **State v. Hosier**, 454 S.W.3d 883, 896 (Mo. banc 2015) ("Whether testimony violates the confrontation clause is a question of law this Court reviews de novo.").

*Section 491.075 Hearing*

On December 8, 2010, Casie Lee, a case coordinator and trained forensic interviewer with the University of Florida Child Protection Team ("Team"), interviewed A and interviewed B. The interviews were audio/video recorded. Lee did not appear at trial because she left the Team after the interviews and moved outside Florida.

Nicole Heise, an assistant team coordinator at the Team, testified (1) she trains new employees, leads peer review sessions and "oversee[s] the day-to-day operations" of the Team, (2) she has a bachelor's degree in psychology with "45 credits towards" a master's degree in mental health counseling, (3) she has been trained as a forensic interviewer and has trained new employees on the "protocols . . . for forensic interviewing," and (4) her "responsibilities" "include dealing with children who are the victims of physical and sexual abuse."

The Team's facility is "child friendly," and includes a lobby where children and families wait, an interview room with recording equipment, and an observation/monitoring room. Law enforcement and child protection investigators are

3

able to view an interview as the interview occurs. Members of the child witness' family are not permitted to "communicate" with the child during the interview. Child witness interviews are recorded, and, typically, the recording equipment is started before the interviewer goes to the lobby to get the child and stopped after the interviewer returns from taking the child back to the lobby. The recording is stored in the child's file in a "locked file room" until the recording subsequently is transferred to an offsite storage facility "usually" after two years.

Typically, the interviewer has access before the interview to information gathered by the child protection investigator, and first meets the child on "the walk from the lobby to the interview room." The interviewer does not discuss "allegations" with the child "prior to initiating the interview." Forensic interviews are done "to obtain information in a child-friendly, neutral manner," and are not done to "prov[e] allegations" in a referral. The Team follows the guidelines of the American Professional Society on Abused Children in interviewing a child witness.

At the time of the interviews, A was eleven and B was nine. A child protection investigator observed the interviews, but not family or friends of A and B. Although Heise did not observe the interviews of A and B as the interviews occurred, she subsequently reviewed the recording of the interviews and believes the interviews were "conducted properly."

The trial court found at the hearing that A and B's statements to Mother had sufficient indicia of reliability, and, after reviewing the recording of the interviews, found

in a docket entry on January 7, 2014, that A and B's statements in their recorded interviews with Lee also had sufficient indicia of reliability.[2]

Defendant's first point challenges the admission of recorded statements of both victims on the basis that the person who conducted the hearings was absent and, thus, the statements did not provide "sufficient indicia of reliability." Defendant objects to the admission of the recording of A and B's interviews on the grounds (1) Heise cannot testify the recording "accurately depicts" the interviews, (2) Defendant was not able to cross-examine Lee in violation of the confrontation clause, and (3) the foundation for the recording was insufficient.

**Analysis**

*Point I – Admission of A and B's Recorded Statements under Section 491.075*

In his first point, Defendant asserts that the trial court "abused its discretion" in admitting A and B's recorded statements under section 491.075 because the "time, content, and circumstances" of A and B's statements "did not provide a sufficient indicia of reliability" in the absence at the section 491.075 hearing of the person who conducted the interviews.

Section 491.075.1 provides in part that a "statement made by a child" relating to the type of offenses charged in this case is "admissible in evidence in criminal proceedings . . . as substantive evidence to prove the truth of the matter asserted if . . . [t]he court finds . . . that the time, content and circumstances of the statement provide sufficient indicia of reliability" and the "child testifies at the proceedings." The children testified at the proceedings. Defendant acknowledges in his brief that he is not aware of

---

[2] The trial court ordered portions of the interviews with Lee redacted.

any judicial authority that requires the interviewer of the child to testify at the section 491.075 hearing in order to permit the trial court to find sufficient indicia of reliability. Defendant argues that, without the interviewer's testimony, the trial court is "left without vital testimony" – for example, whether there were conversations before the recording of the interview began and with whom, and the interviewer's mental impressions during the interview that are necessary to give "context" to the interview – that precludes a finding of sufficient indicia of reliability.

We disagree. In this case, (1) a supervisor with the Team described the organization's prescribed procedure for forensic interviews and regular practice for creating and preserving the recording of the interview, (2) A and B's interviews complied with the organization's prescribed procedures based on the recording of the interviews, (3) there was evidence the recording was created and preserved in accordance with the organization's regular practice, (3) the recording was reviewed by the trial court before the recording was ruled admissible, (4) there was evidence of the timing of the offenses, the children's initial disclosures of the offenses, and the interviews, and (5) there was evidence of the circumstances of the children's initial disclosures and the interviews. The totality of the circumstances shown by this evidence provided substantial evidence to support a finding that the time, content and circumstances of the children's statements in the interviews provide sufficient indicial of reliability. The trial court did not abuse its discretion in so finding.

Section 491.075 does not expressly require the person conducting the interview of the child to testify at the section 491.075 hearing, but rather utilizes a general standard requiring a finding that the time, content and circumstances of the statement provide

6

sufficient indicia of reliability. Given the totality of the evidence before the trial court in this case, the testimony of the person who conducted the interviews was not required to meet this general standard. Point I is denied.

*Point II – Defendant's Right to Confront Absent Interviewer*

In his second point, Defendant contends that the trial court erred in admitting A and B's recorded statements because the absence at the section 491.075 hearing and at trial of the person who interviewed A and B violated Defendant's constitutional "right to confront[]" the interviewer.

The Sixth Amendment to the United States Constitution provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." In *Ohio v. Clark*, 135 S.Ct. 2173, 2179 (2015), the Supreme Court recently stated:

> In *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we adopted a different approach [than in *Ohio v. Roberts*, 448 U.S. 56 (1980)]. We explained that "witnesses," under the Confrontation Clause, are those "who bear testimony," and we defined "testimony" as "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.*, at 51, 124 S.Ct. 1354 (internal quotation marks and alteration omitted).

Much earlier, the Supreme Court said "[o]rdinarily, a witness is considered to be a witness 'against' a defendant for purposes of the Confrontation Clause only if his testimony is part of the body of evidence that the jury may consider in assessing his guilt." *Cruz v. New York*, 481 U.S. 186, 190 (1987). And, in *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004), added that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter

7

asserted." The Supreme Court reaffirmed this principle in *Williams v. Illinois*, 132 S.Ct. 2221, 2228 (2012).

Without referencing any authority that supports his position, Defendant argues that the forensic interviewer who interviewed A and B was a "witness against" Defendant within the meaning of the Confrontation Clause. To the contrary, the forensic interviewer was not a "witness against" Defendant because the interviewer's questions and statements during the interview were (1) not made for the purpose of proving any fact, (2) not used to establish the truth of any matter, and (3) not evidence of Defendant's guilt. The forensic interviewer had no personal knowledge of the offenses under investigation, and made no statements during the interview that were relevant in any way to the offenses under investigation or that were introduced to prove the truth of the matter asserted in the statement. The forensic interviewer's only role during the interview was to ask questions that allowed A and B to tell what A and B knew about Defendant's conduct. A and B were the witnesses against Defendant under the Confrontation Clause, not the person who interviewed A and B.

Just as Defendant had no constitutional right to confront the prosecutors with respect to questions they asked witnesses at Defendant's trial, Defendant had no constitutional right to confront the interviewer who asked A and B questions in A and B's forensic interviews. Point II is denied, and the trial court's judgment is affirmed.


Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. – Concurs

William W. Francis, Jr., J. - Concurs

8