

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,                          )
EX REL. MICHAEL L. JACKSON,                  )
WAYNE COUNTY PROSECUTING                      )
ATTORNEY,                                     )
                                              )
       Relator,                               )
                                              )
v.                                            )      No. SD34222
                                              )      Filed: 3-28-16
THE HONORABLE KELLY PARKER,                   )
PRESIDING JUDGE OF THE CIRCUIT                )
COURT OF THE 42nd JUDICIAL                     )
CIRCUIT, DIVISION 2,                          )
                                              )
       Respondent.                            )

### ORIGINAL PROCEEDING IN PROHIBITION

### **PERMANENT WRIT IN PROHIBITION ISSUED**

Wayne County Prosecuting Attorney Michael Jackson (Relator) seeks a writ of prohibition to prevent the Honorable Kelly Parker (Respondent) from enforcing an order excluding from evidence an audio-visual recording of a forensic interview of M.B., a child less than 12 years of age, in a criminal case involving alleged sex offenses committed against M.B. After having fully considered the matter, we make permanent our preliminary writ.

**Factual and Procedural History**

In August 2014, Relator filed a felony complaint charging Billy Joe Jordan (Defendant) with first-degree statutory rape, first-degree statutory sodomy, first-degree child molestation and sexual abuse. *See* § 566.032; § 566.062; § 566.067; § 566.100.[1] All of these charges involve alleged improper sexual activity between Defendant and his granddaughter, M.B.

Two weeks prior to the filing of these charges, M.B. was interviewed by forensic interviewer Carrie Newenham (Newenham) at the Farmington Child Advocacy Center. The forensic interview was observed on closed circuit as the interview took place by Joe Tiffany (Tiffany) and Nancy Raines (Raines), both Family Services workers. An audio-visual recording also was made of the forensic interview (hereinafter referred to as the recording).

Prior to the preliminary hearing, Relator notified defense counsel that the State intended to introduce the recording into evidence. In November 2014, a hearing pursuant to the provisions of § 491.075 (hereinafter referred to as the Chapter 491 hearing) was conducted by Respondent.[2] Newenham testified at that Chapter 491 hearing, and the court found sufficient indicia of reliability to exist and admitted the recording into

---

[1] All references to statutes are to RSMo Cum. Supp. (2013) unless otherwise indicated.

[2] In a criminal case involving a Chapter 566 offense, § 491.075 provides a procedure for determining the admissibility of a statement made by a child under the age of 14. The child's statement is admissible in evidence in a criminal proceeding as substantive evidence to prove the truth of the matter asserted if "[t]he court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability…." § 491.075.1(1). This statute does not require the person interviewing the child to testify at the Chapter 491 hearing or at trial. *Id*.; *see **State v. Sanders***, 473 S.W.3d 675, 678 (Mo. App. 2015).

evidence at the preliminary hearing. Defendant was bound over to circuit court in cause number 14WY-CR00674-01.

Thereafter, Relator notified the defense that the State intended to offer multiple statements made by M.B. into evidence at trial pursuant to the provisions of Chapter 491. According to Relator, he then learned that Newenham was no longer employed by the Child Advocacy Center. He contacted Newenham directly and was advised that, due to the effects of multiple sclerosis from which she was suffering: (1) she was physically unable to testify; and (2) her testimony was not feasible because the disease affected her mental capability, including her memory, and caused blackouts. Respondent and defense counsel were advised of the situation.

In September 2015, another pre-trial Chapter 491 hearing was conducted. Relator presented testimony from Kelly Tesson (Tesson), a forensic interviewer who had taken Newenham's place, and testimony from Tiffany and Raines. Tesson testified that she had viewed the recording and that the interview had been conducted in a proper manner. Tiffany and Raines testified that they also had viewed the recording and that it accurately reflected the entirety of the forensic interview as they had observed it in real time. They also testified about their individual recollections of what they remembered M.B. to have said during the interview. Thereafter, Respondent found that there was sufficient indicia of reliability in the statements made by M.B. during the forensic interview and that the recollections of that interview as testified to by Tiffany and Raines would be admitted into evidence. Respondent ruled, however, the recording itself would not be admitted

3

due to noncompliance with § 492.304, in that the forensic interviewer Newenham was not available to testify.[3]

In November 2015, Relator filed a motion asking Respondent to reconsider the latter ruling, based on the opinion handed down by this Court in *State v. Sanders*, 473 S.W.3d 675, 678-79 (Mo. App. 2015) (holding, *inter alia*, that the testimony of the forensic interviewer was not required for the trial court to determine that the children's recorded statements were admissible pursuant to § 491.075). Because *Sanders* did not address § 492.304, Respondent adhered to his former ruling that § 492.304 provides the exclusive statutory procedure for determining whether an audio-visual recording of a forensic interview of a child under 14 can be admitted into evidence. Respondent issued an order refusing to admit the recording into evidence unless the forensic interviewer was present and available to testify at trial. Relator then filed the underlying petition in prohibition, seeking to prevent Respondent from enforcing his order.

### Discussion and Decision

The trial court's order excluding the recording does not constitute the suppression of evidence that would authorize an interlocutory appeal by the State because the recording was not illegally obtained. *See* § 547.200.1(3) RSMo (2000); *State v. Puckett*, 146 S.W.3d 19, 22 (Mo. App. 2004); *State v. Rivers*, 26 S.W.3d 608, 609 (Mo. App. 2000). If the case were tried to conclusion with the recording excluded and judgment entered for Defendant upon a verdict of acquittal, Relator also would not have a right to

---

[3] Section 492.304 sets out a procedure for determining the admissibility of a "visual and aural recording" of a statement by a child under the age of 14 alleged to be a victim of specified crimes, including sexual offenses found in Chapter 566. Such a recording is admissible if, *inter alia*, "[t]he person conducing the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party[.]" § 492.304.1(6).

appeal. *See State v. Metzinger*, 456 S.W.3d 84, 90 (Mo. App. 2015); *State v. Stein*, 876 S.W.2d 623, 625 (Mo. App. 1994). For this reason, a remedial writ is generally the proper method to review an interlocutory order in a criminal case. *State v. Eisenhouer*, 40 S.W.3d 916, 918 (Mo. banc 2001). Writ relief is appropriate when an important question of law is decided erroneously and would otherwise escape appellate review. *In re N.D.C.*, 229 S.W.3d 602, 604 (Mo. banc 2007).[4]

In the case at bar, Respondent decided that § 492.304 provides the exclusive procedure to determine the admissibility of the recording into evidence in this criminal case. Relator contends the recording is admissible pursuant to § 491.075. For the reasons that follow, we agree with Relator and grant the writ relief he requests.

Whether Respondent has correctly interpreted and applied a statute is a question of law which we review *de novo. See State v. Bass*, 81 S.W.3d 595, 602 (Mo. App. 2002). "When interpreting statutes, our primary responsibility is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *State v. Rousseau*, 34 S.W.3d 254, 259 (Mo. App. 2000). When the legislative intent is apparent from the words used and no ambiguity exists there is no room for construction. *Id.*; *Bass*, 81 S.W.3d at 602. The principles of statutory construction also do not apply when two statutes are examined unless there is an irreconcilable conflict between them. *See Earth Island Inst. v. Union Elec. Co.*, 456 S.W.3d 27, 33 (Mo. banc 2015).

---

[4] In *N.D.C.*, our Supreme Court concluded that a writ was the proper remedy to review and correct the trial court's erroneous decision to exclude statements, normally admissible pursuant to § 491.075, to prevent a perceived violation of the Sixth Amendment's Confrontation Clause. *N.D.C.*, 229 S.W.3d at 603-04.

5

Relator contends Respondent's evidentiary ruling did not correctly apply provisions of § 491.075 and § 492.304. According to Relator, § 492.304 provides an alternative, rather than an exclusive, procedure for determining the admissibility of the recording. We agree.

Whether these statutes provide an exclusive or alternative procedure for determining the admissibility of a recorded statement was addressed in *State v. Benwire*, 98 S.W.3d 618, 627 (Mo. App. 2003). There, the interview of the seven-year-old victim was "both videotaped and audiotaped (evidently because the videotape contained no audio)." *Id*. at 621. Although the recorded statements were found to be admissible pursuant to § 491.075, the defendant argued that the trial court violated § 492.304 by permitting the State to play the audiotape at trial because § 492.304.1(2) requires the recording to be "both visual and aural[.]"[5] The western district of this Court rejected this argument, concluding that § 492.304 does not exclusively govern the admissibility of the recorded statements:

> Despite Benwire's argument that § 491.075 is limited by the requirement of § 492.304.1(2) that the recording be both visual and aural, the following reference to § 491.075 appears in § 492.304:
>
> > 2. If the child does not testify at the proceeding, the visual and aural recording of a verbal or nonverbal statement of the child shall not be admissible under this section *unless the recording qualifies for admission under section 491.075 RSMo.*
>
> (emphasis added). **Recordings that do not meet the criteria for § 492.304 may still be admissible if they qualify for admission under § 491.075.** Further evidence that § 492.304 does not exclusively govern the admission of recordings of the statement of a child under twelve in these cases is the fact that there are numerous instances in which such

---

[5] This particular requirement was one of seven. *See* § 492.304.1(1)-(7). At issue in this case is the sixth requirement, which requires that the interviewer be present and available to testify. § 492.304.1(6); *see supra*, n.3.

recordings have been admitted into evidence pursuant to § 491.075. *See, e.g.*, *State v. Russell*, 872 S.W.2d 866 (Mo. App. 1994); *State v. Olson*, 854 S.W.2d 14 (Mo. App. 1993); *State v. Robinson*, 782 S.W.2d 694 (Mo. App. 1989).

*Benwire*, 98 S.W.3d at 627 (bold emphasis added); *see also* **State v. Bohanon**, 747 S.W.2d 294, 298-99 (Mo. App. 1988).[6] We agree with the reasoning in *Benwire*. First, § 492.304.2 expressly recognizes that § 491.075 may provide an alternative procedure for determining admissibility, as noted by the *Benwire* court. Second, § 491.075 likewise acknowledges possible alternative procedures for determining admissibility when it refers to "[a] statement made by a child under the age of fourteen … *not otherwise admissible by statute or court rule* …." § 491.075.1 (emphasis added). In a later subsection, the statute states that "[n]othing in this section shall be construed to limit the admissibility of statements, admissions or confessions otherwise admissible by law." § 491.075.4. The plain language used in both § 491.075 and § 492.304 indicates that each statute provides an alternative, rather than an exclusive, procedure for determining the admissibility of the recording in this case.

Respondent contends his ruling conforms to the principle of statutory construction that the more specific statute controls over the more general statute. *See, e.g.*, **State ex rel. City of Jennings v. Riley**, 236 S.W.3d 630, 631 (Mo. banc 2007). The fallacy of Respondent's position, however, is that it "presupposes that the statutes are in conflict, which is a precondition to the application of the principles of statutory construction." **Id**. As explained above, there is no conflict between these two statutes. The differing

---

    [6] In *Bohanon*, the trial court admitted a videotape pursuant to § 491.680 even though none of the required procedural steps were followed. *Bohanon*, 747 S.W.2d at 299. This Court noted that "if the videotape interviews were competent evidence under any theory, the trial court did not err in admitting the same." *Id*. Because the videotape was admissible pursuant to § 492.304, the trial court did not err by admitting the evidence. *Bohanon*, 747 S.W.2d at 299.

foundational requirements of each statute provide an alternative procedure for determining the admission of recorded statements like the one at issue here.[7]

Respondent erred by relying upon § 492.304 as the basis for excluding the recording at trial.  Because the recording was already found to be admissible pursuant to § 491.075, and § 492.304 is not the exclusive procedure for determining its admissibility, Respondent is prohibited from enforcing his order excluding the recording.  We therefore make permanent our preliminary writ in prohibition.[8]


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR

---

[7]  For example, we held in *Sanders* that the absence of the interviewer at a Chapter 491 hearing did not prevent the trial court from deciding there was a sufficient indicia of reliability to admit the statements pursuant to § 491.075.  *State v. Sanders*, 473 S.W.3d 675, 678-79 (Mo. App. 2015).

[8]  As required by *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513 (Mo. banc 2009), all initially issued writs shall be "preliminary" writs of mandamus or prohibition, as the case be, and "upon final determination, shall be made quashed or made permanent." *Id*. at 516.