Philip M. Hess, Presiding Judge
Introduction
Jeremy Timbs ("Timbs") appeals the judgment entered upon his conviction for one count of sexual misconduct involving a child under the age of fifteen in violation of § 566.083 RSMo (Cum. Supp. 2013) following a jury trial. Timbs claims the trial court abused its discretion in admitting video of an interview conducted of K.H., the victim, at the Children's Advocacy Center following her accusation of misconduct against Timbs. The judgment is affirmed.
*406 Background
In September 2013, Timbs was married to and living with K.H.'s mother, Dorothy. K.H. also lived in the residence. On or about September 1, 2013, Timbs was working in the detached garage. K.H. went into the garage, and Timbs had a suggestive conversation with her. According to K.H., Timbs asked her to get him a drink from inside the house and when she returned, Timbs was sitting in the car in the garage. He asked K.H. to get her lotion and a towel that were in the garage. K.H. alleged that she gave Timbs the items and he unbuttoned his pants and placed the lotion on his penis. K.H. said she looked away, and Timbs asked if she wanted to watch. K.H. stated she only looked at what Timbs was doing for a few moments before looking away.
After Dorothy and Timbs separated, K.H. made an allegation of sexual misconduct against Timbs. K.H. was ten at the time of the alleged incident. Dorothy immediately involved the authorities, and K.H. was interviewed by an employee of the Children's Advocacy Center ("CAC"). The interview was recorded, and Timbs was ultimately charged with one count of sexual misconduct involving a child under the age of fifteen. A jury found him guilty of the crime, and he was sentenced to three months in St. Francois County jail. The present appeal follows.
Discussion
In his sole point on appeal, Timbs claims the trial court erred in admitting the video recording of K.H.'s interview at the CAC. According to Timbs, the trial court's decision to admit this evidence violated his rights under § 491.075 RSMo (2016)[1] because the State did not produce testimony of the interviewer regarding the surrounding circumstances of the interview or the questions she asked K.H., and therefore the time, content and circumstances of the interview did not have sufficient indicia of reliability required for the video's admission at trial. This point is without merit.
Standard of Review
We review the trial court's decision to admit evidence of a child's out-of-court statements at trial under § 491.075 for an abuse of discretion. State v. Sanders , 473 S.W.3d 675, 676 (Mo. App. S.D. 2015) (internal citation omitted). We will find an abuse of discretion if the court's decision to admit the evidence is not supported by substantial evidence in the record, and the decision is so clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Id.
Analysis
Prior to trial, the State moved to admit the recording of K.H.'s interview at the CAC under § 491.075. Section 491.075 allows, in relevant part, for the admission of a statement made by a child under the age of fourteen relating to an offense committed under Chapter 566, if such statement may be otherwise inadmissible as hearsay. Pursuant to the statute, the court must conduct a hearing to determine whether the time, content, and circumstances of the out-of-court statement provide sufficient indicia of reliability. Based upon the evidence presented at the hearing, the court was required to determine the reliability of the child's out-of-court statements for purposes of § 491.075 by looking at the totality of the circumstances surrounding the statement. Sanders , 473 S.W.3d at 676. In making its determination, the court considers the following factors:
*407 (1) spontaneity of the statement and consistent repetition; (2) the declarant's mental state; (3) lack of motive to fabricate; and (4) knowledge of the subject matter that is unexpected for a child of similar age. Id. at 677. These factors are not exclusive. Id.
In the present case, the State offered a video recording of an interview of K.H. at trial. The interview was conducted at the CAC following K.H.'s allegations of sexual misconduct against Timbs. The trial court held a hearing prior to trial to make its decision whether to admit the video interview and subsequently admitted the video at trial. Timbs argues without testimony from the interviewer[2] at the hearing, there was insufficient evidence that the time, content and circumstances of the interview provided sufficient indicia of reliability to support the admission of the recording at trial.
However, Timbs ignores the decision of the Southern District in Sanders , in which the identical argument was asserted and rejected by the court. In Sanders , as in the present case, although the interviewer did not testify at the hearing, testimony was presented at the hearing from other individuals which provided substantial evidence to support the court's admission of the video at trial. Sanders , 473 S.W.3d at 678-79. Particularly, in Sanders , the court noted evidence of the procedure for forensic interviews, compliance with such procedure, evidence of the timing of the offenses and initial disclosures of the offenses, as well as the trial court's review of the recording all supported the conclusion that the totality of the circumstances supported the finding that the time, content, and circumstances of the statements recorded in the interviews provided sufficient indicia of reliability to support their admission at trial. Id. at 678. The Sanders court specifically held, " Section 491.075 does not expressly require the person conducting the interview of the child to testify at the section 491.075 hearing, but rather utilizes a general standard requiring a finding that the time, content and circumstances of the statement provide sufficient indicia of reliability."[3] Id. at 678. (emphasis added)
Here, several witnesses testified at the hearing concerning the admission of the recorded interview. K.H.'s mother, Dorothy testified regarding the timing and circumstances of K.H.'s initial disclosure of the misconduct. Rachael Genaro, an employee with the Children's Division, also testified. She interviewed K.H. at her grandmother's house where Dorothy and *408 K.H. were living while Dorothy was separated from Timbs. She also testified about the timing and circumstances of the initial disclosure of the misconduct and K.H.'s initial interview with Genaro prior to the recorded interview. Detective Clyde Wakefield assisted with the investigation of K.H.'s allegations against Timbs. At the pre-trial hearing, Detective Wakefield testified although he was not physically in the interview room while K.H. was being questioned at the CAC, he was present in a separate room across the hall watching the interview on a closed circuit television as it occurred in real time for the duration of the interview. In addition, Kelly Tesson, a forensic interviewer for the CAC, also testified at the hearing. Tesson was present at the CAC when K.H. was interviewed. She spoke with K.H.'s mother, and although she did not conduct the recorded interview with K.H., she was present in the room for some portion of it. Based upon Tesson's training, knowledge, and experience with interviewing children, she believed the method used comported with the protocol for such interviews. Tesson stated she reviewed the video of the entire interview and did not see any leading or suggestive techniques during the questioning.
We agree with the Sanders court and hold that § 491.075 does not expressly require the person conducting the interview of the child to testify at the statutory hearing. Instead, the statute simply utilizes a general standard requiring the court to find the time, content, and circumstances of the out-of-court statement of the child provide sufficient indicia of reliability. Applying this standard in the present case, as in Sanders , there was testimony from a CAC forensic interviewer regarding the procedure and protocol for interviewing children at the hearing. She testified the interview with K.H. complied with such protocol. There was testimony regarding the timing of the offense, K.H.'s initial disclosure of the misconduct, and her initial interview with Genaro prior to the recorded interview at the CAC. As a result of this testimony, even absent the testimony of the interviewer at the hearing, there was substantial evidence to support the trial court's finding that the time, content, and circumstances of the statements made by K.H. during the recorded interview provided sufficient indicia of reliability. Moreover, we note the trial court noted on the record at the hearing it had reviewed the video and did not see any leading questions or prompts from the interviewer to influence K.H.'s answers. In light of these facts, we cannot conclude the trial court's decision to admit the video recording of K.H.'s interview constituted an abuse of discretion. Point one on appeal is denied.
Conclusion
The judgment of the trial court is affirmed.
Robert G. Dowd, Jr., J. and Mary K. Hoff, J. concur.

All further references to § 491.075 are to RSMo (2016).

The interviewer was unable to participate in the proceedings due to a medical condition.

This proposition from Sanders is also cited in a separate decision in which the same interviewer was ultimately unable to testify, State ex rel. Jackson v. Parker , 496 S.W.3d 559 (Mo. App. S.D. 2016). Timbs claims the Parker case is distinguishable because in Parker the interviewer was initially able to testify at a prior hearing, but not available to testify at trial. However, the Parker court did not determine whether the availability of the person conducting the interview at the 491.075 hearing was dispositive to the issue of reliability of the out-of-court statement. Instead, the decision in Parker concerned the trial court's reliance upon § 492.304 as the basis for excluding the recording at issue based upon the absence of the interviewer at trial. The Parker court concluded it was improper for the trial court to rely solely upon § 492.304 to exclude the recording at trial, and noted the recording was already determined to be admissible under § 491.075. Id. at 563. As a result, the trial court was prohibited from excluding the recording at trial. Id. Here we are faced only with the issue of whether absent the testimony of the person conducting the interview, sufficient indicia of reliability supported the admission of the recording of an out-of-court statement of a child as required under § 491.075. Therefore, we do not consider the analysis in Parker applicable to the present case.