

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110900 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2122-CR01026-01 |
| | ) | |
| SANTONIO MCCOY, | ) | Honorable Katherine M. Fowler |
| | ) | |
| Appellant. | ) | Filed: September 19, 2023 |

**Introduction**

Appellant Santonio McCoy was found guilty after a jury trial on the charge of first-degree child molestation. McCoy argues on appeal that the trial court erred in failing to grant his motion for acquittal because the State did not present evidence to prove intent and because hearsay evidence was improperly admitted. McCoy also claims the trial court plainly erred in allowing the State to knowingly elicit perjured testimony. The trial court's judgment is affirmed.

**Background**

Viewed in the light most favorable to the verdict, the relevant evidence presented at trial is as follows. *State v. Stewart*, 560 S.W.3d 531, 532-33 (Mo. banc 2018).

On January 1, 2021, Victim, who was then less than 14 years-old, woke up around 11 AM and soon thereafter went to take a shower. Victim lived with her mother ("Mother") and brother ("Brother"), who were both asleep in the living room at the time. While Victim was in

the shower, McCoy, who had been dating Mother for about a month, entered the bathroom and pulled back the shower curtain. McCoy asked Victim if he could watch her shower and then touched her breast. Victim told McCoy "no," and pulled the shower curtain back closed, at which time McCoy left the bathroom.

Later that afternoon, McCoy took Victim and her brother to Walmart. After they returned home, McCoy left to go to his job at a liquor store down the street. Once McCoy left, Victim called Mother, who was at work at that time, and told her she needed to come home. When Mother arrived home, Victim disclosed to her what happened that morning in the shower. Mother then called the police.

On January 21, 2021, Victim gave a forensic interview at a Children's Advocacy Center ("CAC"). A video of Victim's interview was admitted into evidence at trial pursuant to the trial court's ruling under Section 491.075.[1] Because the forensic interviewer who originally conducted Victim's interview was no longer working at the center at the time of the trial, A.H., a supervisor at the center, testified instead as an expert on the procedures generally used during CAC forensic interviews. Trial counsel objected to A.H.'s testimony on the grounds that it was beyond the scope of his expertise. Trial counsel also objected, arguing that A.H.'s testimony was "invading the province of the jury and speaking to the credibility of witnesses." Trial counsel did not raise any objections based on McCoy's confrontation right.

During trial, both Victim and Mother testified as to the events of January 1, 2021. Mother was impeached multiple times using her deposition testimony. Specifically, defense counsel highlighted Mother's prior inconsistent statements regarding what time she went to work on the day of the crime, as well as whether she believed McCoy actually touched Victim's breast or

---

[1] All Section references are to the Missouri Revised Statutes (2021), unless otherwise indicated.

was merely on the verge of touching Victim's breast when Victim slapped his hand away. The jury also received stipulations from the parties that McCoy had prior convictions for statutory rape and statutory sodomy from events occurring in 2016.

McCoy was found guilty of first-degree child molestation, and the trial court sentenced McCoy as a prior and persistent offender to 15 years in prison. McCoy appeals.

**Point I**

In his first point on appeal, McCoy argues the trial court erred in denying his motion for acquittal because there was insufficient evidence to prove beyond a reasonable doubt that he touched Victim's breast for the purpose of arousing or gratifying his sexual desires. Specifically, McCoy alleges the State failed to present evidence sufficient to prove intent.

"We review the denial of a motion for judgment of acquittal under the same standard of review used in reviewing a challenge to the sufficiency of the evidence to support a jury's guilty verdict." *State v. Bennish*, 479 S.W.3d 678, 684–85 (Mo. App. E.D. 2015). An appellate court's "review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there is sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *State v. Minor*, 648 S.W.3d 721, 736 (Mo. banc 2022); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *Minor,* 648 S.W.3d at 736. This Court "does not act as a 'super juror' with veto powers,

3

but gives great deference to the trier of fact." *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011) (internal quotation omitted).

The State must prove every element of a crime charged beyond a reasonable doubt. *State v. Seeler*, 316 S.W.3d 920, 925 (Mo. banc 2010). Section 566.067 provides that "[a] person commits the offense of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact and the offense is an aggravated sexual offense." Section 566.067.1. Section 566.010 defines sexual contact as "any touching of another person … or the breast of a female person … for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim." Section 566.010.6.

Generally, "[b]ecause direct evidence of a defendant's intent is rarely available, the State most often proves intent through circumstantial evidence." *State v. Holmes*, 626 S.W.3d 339, 342 (Mo. App. E.D. 2021). "In assessing whether a defendant touched another 'for the purpose of arousing or gratifying the sexual desire of any person,' a jury may infer intent from the surrounding circumstances or from 'the sexual nature of the act itself.'" *State v. Ganzorig*, 533 S.W.3d 824, 830 (Mo. App. E.D. 2017) (finding that touching a woman's vagina is an inherently sexual act, which can alone serve as evidence of a defendant's intent to arouse or gratify either his or her sexual desire). "The purpose of requiring proof of defendant's intent is to 'exclude innocent contacts from being deemed criminal conduct.'" *Id.*

Here, the evidence, viewed in the light most favorable to the verdict, showed that McCoy entered the bathroom where Victim was showering while both Mother and Brother were asleep, proceeded to pull back the shower curtain and ask Victim if he could watch her shower, and then touched her breast. There is little indication from the record that such conduct could reasonably be considered innocent or accidental. *See State v. Love*, 134 S.W.3d 719, 724 (Mo. App. S.D.

2004) ("In assessing whether a touching is for the purpose of arousing or gratifying sexual desire rather than being an innocent touching, a fact-finder looks at the circumstances of the particular case."). Indeed, McCoy offered no other explanation during trial or on appeal for why he touched Victim's breast and does not contend in any way that it was accidental or innocent. Rather, his question about whether he could watch Victim shower decidedly negates such a claim.

Therefore, it was reasonable for the jury to determine, based on the circumstances, that McCoy's intent for touching the naked breast of an underage girl was for sexual gratification. *Ganzorig*, 533 S.W.3d at 831 (a jury, in its position as factfinder, is free to believe or disbelieve any testimony of a witness when considering the fact, circumstances, and other testimony in the case.) "This Court does not act as a super-juror, but we defer to the judgment of the trier of fact" *Id*. We find that the trial court did not err. Point I denied.

**Point II**

In his second point, McCoy alleges that the trial court erred in "permitting the testimony of [A.H.] … because he was not the person conducting the interview of [Victim] in the CAC recording. The person who conducted [Victim's] CAC interview was not present at trial, was not deposed, was unavailable to testify or subject to cross-examination by either party at trial, and [A.H.] had no personal knowledge of the CAC interview. The admission of [A.H.]'s testimony deprived Appellant of his rights to due process and to confrontation… because it was inadmissible hearsay in that [A.H.] did not conduct the CAC interview, nor observe it in person."

McCoy's point relied on is in violation of Rule 84.04(d), which requires separate points to challenge separate rulings or actions. Consolidating "multiple, independent claims" into one point is not permitted. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505–06 (Mo. 2022), *reh'g denied*

5

(May 17, 2022). Here, McCoy appears to challenge not only A.H.'s testimony as inadmissible hearsay, but also the substitution of A.H. for the forensic interviewer who conducted the CAC interview as a violation of the Confrontation Clause.[2] "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019).

Furthermore, McCoy has failed to preserve for appeal any issue based on hearsay or his confrontation right. "To properly preserve an issue for an appeal, a timely objection must be made during trial." *State v. Driskill*, 459 S.W.3d 412, 425–26 (Mo. 2015). The objection at trial must be specific and made contemporaneously with the purported error. *State v. Shockley,* 410 S.W.3d 179, 204 n.4 (Mo. banc 2013).

Prior to the start of trial, the trial court held a hearing during which it determined that Victim's CAC interview was admissible under Section 491.075,[3] even without the testimony of the forensic interviewer who conducted the interview, and that A.H. was qualified to testify as an expert as to the procedures generally used in CAC interviews. *See State v. Sanders*, 473 S.W.3d 675 (Mo. App. S.D. 2015) (admission of statements from interview, without testimony of interviewer, does not violate defendant's confrontation rights). At trial, McCoy objected to A.H.'s testimony on the grounds that it was beyond the scope of his expertise, as well as

---

[2] McCoy also appears to argue that the trial court erred in admitting the CAC interview into evidence under both Section 491.075 and Section 492.304 because the forensic interviewer was not present to be cross examined and the court did not properly determine her unavailability; erred in admitting the CAC interview because it violated McCoy's confrontation right in that it denied him the opportunity to cross-examine the forensic interviewer on the alleged incriminating and testimonial statements McCoy claims she made on behalf of the State during the CAC interview; and erred in allowing A.H.'s testimony because it bolstered Victim's testimony. However, these arguments are not captured in any point relied on and thus will not be considered. *See* Rule 84.04(d); *State v. Gilbert,* 628 S.W.3d 702, 713 (Mo. App. W.D. 2021) ("We do not consider arguments raised in the argument portion of the brief that were not encompassed in the points relied on.") (internal quotations and alterations omitted).

[3] Sections 491.075 and 492.304 provide independent alternatives for determining admissibility of a recording of a statement of a child under the age of 14, and application of each does not require satisfaction of the other. *State ex rel. Jackson v. Parker*, 496 S.W.3d 559, 562 (Mo. App. E.D. 2016). Therefore, recordings that do not meet the criteria for Section 492.304 may still be admissible if they qualify for admission under Section 491.075. *Id.*

"invading the province of the jury and speaking to the credibility of witnesses." As such, McCoy's claim based on the Confrontation Clause is not preserved and may only be reviewed by this Court under discretionary plain error review. Rule 30.20.

Moreover, "if not raised at the first opportunity in the circuit court, a constitutional claim is waived and cannot be raised on appeal." *State v. Marr*, 499 S.W.3d 367, 377 (Mo. App. W.D. 2016) (internal quotations omitted).[4] Accordingly, McCoy's failure to object to A.H.'s testimony at trial on the specific grounds that it was inadmissible hearsay in violation of the Confrontation Clause waives the claim on appeal. We therefore decline to review for plain error.[5] Point II denied.

## Point III

In his final point, McCoy alleges the trial court plainly erred in permitting the State to knowingly elicit perjured testimony from Mother. Specifically, McCoy argues that Mother's statements regarding her location when the crime occurred, her location when Victim disclosed the incident to her, and whether or not Victim disclosed to her that McCoy touched her breast, were perjured because they contradicted her deposition testimony and work timecard. McCoy concedes the point was not preserved and requests plain error review.

This Court does not generally review unpreserved claims of error. *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020). Rule 30.20 provides an exception allowing that "plain

---

[4] The principle that a constitutional claim is waived if not raised at the first opportunity "is in accord with the usual rule that the trial court must be given the opportunity to correct error *while correction is still possible*." *State v. Pierce*, 433 S.W.3d 424, 429 (Mo. banc 2014) (emphasis in original).

[5] Even had this Court reached the merits of the claim, a CAC forensic interviewer is not considered a witness within the meaning of the Confrontation Clause, which is a "witness against" a defendant, because an interviewer's questions and statements during an interview are (1) not made for the purpose of proving any fact, (2) not used to establish the truth of any matter, and (3) not evidence of Defendant's guilt. *Sanders*, 473 S.W.3d at 679. A forensic interviewer's only role during interviews is to ask questions that allow a victim to say what they know about Defendant's conduct, thus making the victim the witness against the defendant, not the interviewer. *Id.*

errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Id.* (quoting Rule 30.20). Rule 30.20 makes clear that plain error review is a discretionary, two-step process. *See Minor*, 648 S.W. at 731. The first step is to determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). Plain errors are those that are evident, obvious, and clear. *Id.* In the absence of such a determination, an appellate court should decline to review for plain error. *See Brandolese*, 601 S.W.3d at 526. If plain error is found on the face of the claim, then the court may proceed to the second step to determine whether the claimed error resulted in manifest injustice or miscarriage of justice. *See Baumruk*, 280 S.W.3d at 607.

"Generally, a conviction resulting from the deliberate or conscious use by a prosecutor of perjured or false testimony violates due process and must be vacated." *State v. West*, 551 S.W.3d 506, 516 (Mo. App. E.D. 2018) (quoting *State v. Evans*, 517 S.W.3d 528, 541 (Mo. App. S.D. 2013)). "To succeed on the theory that the State knowingly used perjured testimony, Defendant [has] the burden to prove that: (1) the witness' testimony was false; (2) the State knew it was false; and (3) the conviction was obtained as a result of the perjured testimony." *Id*. "The third element requires defendant to demonstrate that the testimony was not only false, but that it was perjured testimony," meaning "testimony that is false and relates to a material fact in the case." *State v. Cummings*, 400 S.W.3d 495, 504 (Mo. App. S.D. 2013) (internal quotations omitted).

"Inconsistent statements made prior to trial are not alone sufficient to establish that a witness has committed perjury." *Id.* at 505 (quoting *State v. Albanese*, 9 S.W.3d 39, 50 (Mo.

App. W.D. 1999)). As was the case here, "such statements go to the witness' credibility and can be used to cross examine the witness." *Id.*

On direct examination, Mother testified that she was asleep on the couch when the crime occurred, and that she had just arrived at work later that evening when Victim called and asked her to come home so she could disclose that McCoy touched her. Mother explained that her timecard reflected holiday pay hours, rather than her actual hours worked, and the times were manually entered into the system to accommodate the pay adjustment. On cross examination, Mother was impeached multiple times using inconsistent statements from her deposition and her timecard. It was therefore left to the jury to determine whether or not they found Mother's testimony credible. However, Mother's statements at trial that she was at home at the time of the crime, that she was at work when Victim called her, and that McCoy touched Victim's breast, were corroborated by Victim's testimony and CAC interview, as well as testimony from a police officer who interviewed Mother. Therefore, we cannot find from the inconsistencies alone that Mother's trial testimony was false.

Because McCoy has failed to prove that Mother's testimony was false, he cannot show that the State knowingly elicited false testimony. It is not improper for a party to put on a witness whose testimony they know could be impeached, provided that the opposing party is in possession of any records prior to trial that may be used to impeach should they so choose. *See Taylor v. State*, 262 S.W.3d 231, 243 n.7 (Mo. banc 2008) (citing *Napue v. Illinois,* 360 U.S. 264, 269–70, 79 (1959)); *see also United States v. West*, 612 F.3d 993, 996 (8th Cir. 2010). Here, defense counsel was in possession of Mother's deposition, which they used to successfully impeach her.

Finally, as to the third element, McCoy has failed to establish how Mother's testimony related to a material fact of the charged crime. Critically, Mother was not the victim of the crime or a direct witness to the crime, and therefore her whereabouts at the time the crime occurred or when Victim disclosed the incident to her were not necessary to prove the crime occurred. Likewise, Mother's testimony relating to whether or not McCoy actually touched Victim's breast, or was merely on the verge of touching her breast, was similarly immaterial, as Mother never claimed to have witnessed the conduct herself. As such, we cannot find that McCoy would not have been convicted absent Mother's testimony, as Mother's testimony was not singularly essential to proving any facts or elements of the crime on which the jury based its conviction. *See Cummings*, 400 S.W.3d at 505-06.

As McCoy has failed to prove Mother's testimony was perjured, the trial court's admission of Mother's testimony did not constitute an evident, obvious, or clear error. *See Baumruk*, 280 S.W.3d at 607. Thus, we decline to exercise plain error review. Point III denied.

## Conclusion

For the reasons set forth above, the judgment is affirmed.

_____

Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

10